# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-99V

* * * * * * * * * * * * * * * * * * * * * * * *
|   |   |
|---|---|
| BARBARA SCIORTINO, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 31, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Parissa Tabassian*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 1, 2022, Barbara Sciortino filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza ("flu") vaccine she received on October 30, 2019 caused her to suffer polymyalgia rheumatica ("PMR"). Petition (ECF No. 1) at 1.

Petitioner was initially represented by the attorneys at Conway Homer, P.C. ("Conway Homer"), but on January 18, 2023, the attorneys at Black McLaren Jones Ryland & Griffee ("BMJRG") were substituted as counsel. ECF No. 19. Parties filed expert reports and briefs, and after a complete review of the record, I denied entitlement on July 24, 2024. *See Sciortino v. Sec'y*

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

*of Health & Hum. Servs.*, No. 22-99V, 2024 WL 4579389 (Fed. Cl. Spec. Mstr. July 24, 2024). That determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated September 25, 2024 (ECF No. 33) ("Fees Mot."). Petitioner requests $83,572.95, reflecting $67,186.00 in fees and $16,386.95 in costs incurred by the attorneys at BMJRG. Fees Mot. at 1. Included in the fees motion is a second fees application pertaining to work performed by Conway Homer, and requesting $23,900.71 - $19,682.00 in fees, $4,201.61 in attorneys' costs, and $17.10 for Petitioner's personal costs. Former Counsel's Application, dated June 28, 2024 (ECF No. 33-5) ("App."). Taken together, Petitioner requests a grand total of $107,473.66. Fees Mot. at 1.

Respondent has reacted to the motion, confirming that Petitioner satisfies the statutory requirements for a fees award. Response, dated October 2, 2024, 2024 (ECF No. 34) ("Response"). But Respondent also calls two issues to my attention – the expenses incurred by Petitioner's counsel for two cross-country trips, and counsel's significant billing following completion of briefing – but otherwise defers the calculation of the amount to be awarded to my discretion. Response at 3-4.

Petitioner filed a reply, clarifying the issues raised by Respondent. Reply, dated October 2, 2024 (ECF No. 35) ("Reply"). First, Petitioner explains that $3,701.45 covered the expenses of two in-person client meetings. Reply at 1. The first meeting cost $2,581.78, due to the high cost of air travel at that time. *Id.* at 1-2. Petitioner also notes that the cost of the hotel room ($375/night) was reasonable considering the trip's somewhat-impromptu scheduling. *Id.* Petitioner adds that it is counsel's standard practice to conduct an initial, in-person meeting with Program clients. *Id.* at 2 n.1. The second meeting, which cost about $1,100.00, provided Petitioner's counsel with the opportunity to carefully review all settlement options with the Petitioner. *Id.* at 2. Between briefing and the Entitlement Decision, Petitioner's counsel billed $10,304.70 – notably less than Respondent alleged. *Id.* at 4. Petitioner defends this amount by pointing me to her counsel's detailed billing entries. *Id.*

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$107,473.66**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling*

*v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find that there was a sufficient objective basis to entitle her to a fees and costs award – even though existing Program decisions are uniformly unsupportive of claims alleging PMR as a vaccine injury. There was objective evidence in the medical record that Petitioner experienced arguably PMR-like symptoms (persistent full body aches) shortly after receiving the flu vaccine. Although a causal mechanism

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

was not established, the temporal association raised fair questions about possible vaccine causation. Thus (and in light of the exceedingly lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

As observed in the entitlement decision, however, PMR does not appear to be an injury that can reasonably be linked to vaccination. *Sciortino*, 2024 WL 4579389 at *11. Accordingly, counsel receiving fees in this case (and indeed any Program counsel) face complete denial of a fees award, on reasonable basis grounds, in any future cases they file alleging PMR as caused by vaccination – absent some new, previously-unconsidered evidence that suggests a causal association to be likely.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*BMJRG*

Petitioner requests the following rates for the attorneys and support staff at BMJRG, based on the years work was performed:

| **Attorney** | **2023** | **2024** |
|---|---|---|
| **Michael G. McLaren (Partner)** | $518.00 | $550.00 |
| **William E. Cochran (Partner)** | $450.00 | $478.00 |
| **Chris J. Webb (Partner)** | $410.00 | $435.00 |
| **Sarah L. Clarke (Paralegal)** | $172.00 | $183.00 |

Fees Motion at 8-9.

Messrs. McLaren, Cochran, and Webb practice in Memphis, TN—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Pachucki v. Sec'y of Health & Hum. Servs.*, No. 21-1591V, 2023 WL 7496096 (Fed. Cl. Spec. Mstr. Oct. 10, 2023). The rates requested for these attorneys and their staff are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *See Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295 at \*2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024); *Wilson-Noble v. Sec'y of Health & Hum. Servs.*, No. 21-1518V, 2024 WL 3665962, at \*3 (Fed. Cl. Spec. Mstr. July 11, 2024). And the travel time they request was properly billed at one-half of the attorney's usual hourly rate. Reply at 4; *see, e.g., Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at \*24 (Fed. Cl. Spec. Mstr. July 25, 2011). I thus find no cause to reduce the requested fees in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 21, 2024).

*Conway Homer*

For her former counsel and support staff at Conway Homer, Petitioner requests the following rates based on the years work was performed:

| **Attorneys** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| **Ronald Homer (Attorney)** | __ | $475.00 | $500.00 | __ |
| **Patrick Kelly (Attorney)** | __ | $250.00 | __ | __ |
| **Christina Ciampolilo (Attorney)** | __ | $425.00 | $470.00 | __ |
| **Joseph Pepper (Attorney)** | $355.00 | $415.00 | $455.00 | $485.00 |
| **Paralegals** | $155.00 | $170.00 | $185.00 | $195.00 |

App. at 4-20.

The attorneys at Conway Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for these attorneys and paralegals are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[6] *See Almudhari v. Sec'y of Health & Hum. Servs.*, No. 22-1599V, 2024 WL 4235773, at *1 (Fed. Cl. Spec. Mstr. Aug. 6, 2024). And I deem the 2024 rate increase requested for Mr. Pepper's time to be reasonable. I thus find no cause to reduce them in this instance. And I find the time devoted to the matter was properly incurred. I will therefore award all fees requested without adjustment.

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 21, 2024).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $16,386.95 in outstanding costs incurred by the attorneys at BMJRG, including medical record retrieval costs, mailing costs, costs associated with travel, and costs associated with the work of one expert, Eric Gershwin, M.D. Fees Mot. at 1, 3; ECF No. 33-2. Dr. Gershwin prepared two written reports in this case and submitted five invoices reflecting a total amount of $12,625.00 charged to the matter (15.25 hours of work billed at $500 per hour plus a $5,000.00 retainer fee). ECF No. 33-2 at 17, 39-41; ECF No. 37-1. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Petitioner also seeks $4,201.61 in outstanding costs incurred by her former counsel, Conway Homer, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Samar Gupta, M.D. App. at 29. Dr. Gupta reviewed Petitioner's medical records, searched for relevant articles, discussed the case with the attorneys at Conway Homer, and submitted an invoice reflecting a total amount of $3,500.00 charged to the matter (7 hours of work billed at $500 per hour). *Id.* Petitioner also requests $17.10 for her own mailing costs. *Id.* at 2, 32-34. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a grand total of **$107,473.66**, reflecting (a) $83,572.95 in attorney's fees and costs incurred by BMJRG and (b) $23,900.71 in attorney's fees and costs incurred by Petitioner's former counsel, Conway Homer. The total shall be awarded in the form of a check made jointly payable to Petitioner and her current counsel at BMJRG.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.